In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-20-00077-CR**
_____

**LINDA KATHLEEN REDDICKS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 411th District Court**
**Polk County, Texas**
**Trial Cause No. 26086**

**MEMORANDUM OPINION**

Linda Kathleen Reddicks appeals her conviction for credit or debit card abuse, a state jail felony.[1] After filing the notice of appeal, the trial court appointed an attorney to represent Reddicks in her appeal. After Reddicks' attorney reviewed the record, he filed a brief representing that no arguable grounds support overturning the judgment, which Reddicks appealed.[2] The brief reflects that Reddicks' attorney

---

[1]*See* Tex. Penal Code Ann. § 32.31.
[2]*See Anders v. California*, 386 U.S. 738, 744 (1967).

1

provided the Court with a professional evaluation of the record. In the brief, the attorney explains why, based on the record, no arguable issues exist to support an argument to suggest the trial court's judgment should be reversed.[3] The record reflects that Reddicks' attorney sent Reddicks a copy of the brief and the record. The attorney also explained to Reddicks that she could file a pro se response, given the fact the attorney had not advanced a non-frivolous argument to support her appeal. Reddicks, however, did not do so.

We have independently reviewed the record to determine whether any arguable errors support a ruling that would require the appointment of another attorney to re-brief the appeal. The record shows that in June 2018, a Polk County grand jury indicted Reddicks for credit or debit card abuse. The indictment alleges the offense occurred in September 2016. In November 2019, Reddicks signed a judicial confession. The judicial confession reflects that Reddicks pleaded guilty to committing the credit or debit card abuse alleged in the indictment. After Reddicks signed the confession, the trial court conducted a hearing and heard evidence relevant to Reddicks' plea and her sentence. In the hearing, the trial court found Reddicks guilty. After hearing evidence relevant to Reddicks' punishment, the trial court assessed an eighteen-month sentence.

---

[3]*See id.*; *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978).

After Reddicks appealed, the trial court assigned an attorney to represent Reddicks' on appeal. The attorney discharged his responsibilities to Reddicks by filing an *Anders* brief.[4] The brief contains the attorney's professional evaluation of the record. The brief concludes that, in the attorney's opinion, Reddicks' appeal is frivolous.

When an attorney files an *Anders* brief, we are required to examine the record and determine whether the attorney assigned to represent the defendant has any non-frivolous arguments that could have been raised to support the appeal.[5] After reviewing the clerk's record, the reporter's record, and the attorney's brief, we agree with Reddicks' attorney—Reddicks' appeal is frivolous.[6] Thus, there is no reason requiring this Court to appoint someone else to re-brief Reddicks' appeal.[7] For these reasons, the trial court's judgment is

---

[4]*Id.*

[5]*Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744).

[6]*See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1.").

[7]*See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Reddicks may challenge our decision to affirm the trial court's judgment by petitioning the Court of Criminal Appeals and asking it to review the conclusions we reached in affirming the trial court's judgment. *See* Tex. R. App. P. 68.

AFFIRMED.

                                 _____

                                        HOLLIS HORTON
                                            Justice

Submitted on August 11, 2020
Opinion Delivered March 3, 2021
Do Not Publish

Before Kreger, Horton and Johnson, JJ.

4